UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| XYZ Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>The Partnerships And Unincorporated Associations Identified On Schedule A,<br><br>    Defendants. | Case No.: 1:22-cv-00114 |

**COMPLAINT**

Plaintiff, ▬▬▬▬▬▬ ("▬▬▬▬" or "Plaintiff"), by its undersigned counsel, hereby complains of the Partnerships and Unincorporated Associations identified on Schedule A attached hereto (collectively, "Defendants"), and for its Complaint hereby alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 *et seq.*, 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2. This Court has personal jurisdiction over each Defendant, in that each Defendant conducts significant business in Illinois and in this Judicial District, and the acts and events giving rise to this lawsuit, of which each Defendant stands accused, were undertaken in Illinois and within this Judicial District.


3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, since each Defendant directly targets consumers in the United States, including Illinois, through the fully interactive, commercial Internet stores operating under the online marketplace accounts identified in Schedule A by offering shipping to the United States, including Illinois, accepting payment in U.S. dollars and, on information and belief, selling and offering to sell counterfeit products that infringe Plaintiff's trademark. Each Defendant is committing tortious acts, is engaging in interstate commerce, and has wrongfully caused substantial injury in the State of Illinois.

## INTRODUCTION

4. This action has been filed to combat the online trademark infringement and counterfeiting of Defendants, who trade upon Plaintiff's valuable trademark by selling and/or offering for sale unauthorized and/or counterfeit products in connection with its federally registered trademark.

5. Plaintiff, ▅▅▅▅▅▅ is the owner of the federally registered ▅▅▅▅▅▅ Trademark, United States Trademark Registration ▅▅▅▅▅▅ (referred herein as the "▅▅▅▅▅▅ Trademark"). The Registration is valid, subsisting, and in full force and effect. A true and correct copy of the Registration is attached hereto as **Exhibit 1** and reflected in the table below.

| **TRADEMARK REGISTRATION** |
|---|
|  |



6. In an effort to illegally and deceptively profit from the ▬ Trademark, Defendants created numerous online marketplace accounts (referred to as "Defendant Internet Stores" or "Seller Aliases"), intentionally designed in look, feeling, and suggestion to give the impression to consumers that they are legitimate websites selling products manufacutered by or authorized by ▬ (the "▬ ▬ (▬ Products"), with Defendants' ultimate intention being to deceive unknowing consumers into purchasing products which are unauthorized, counterfeit, and/or infringing (referred herein as "Counterfeit ▬ Products" or "Counterfeit Products").

7. Defendant Internet Stores share numerous unique identifiers, such as design elements and similarities of the unauthorized products offered for sale, establishing a logical relationship between Defendants, and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal operation.

8. Plaintiff is forced to file this action to combat Defendants' ongoing infringement of Plaintiff's ▬ Trademark (also referred to as "▬ Intellectual Property" or "▬ IP"). Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution, loss of control over the creative content, and tarnishment of its valuable trademark as a result of Defendants' actions and is thus seeking injunctive and monetary relief.

## THE PLAINTIFF

9. ███████████ (often abbreviated as ███████ are ███████████████████████████████.

10. ███████████████████████████████████████████████████████████████████.

11. ███████████ is a business incorporated in ███████████. ███████████████████████████████████████.

12. ███████████████████████████████████████████████████████████████████████████████████████████████████████.

13. ███████████████████████████████████████████████████████████████████████████████████████████████████████.

14. "███████████ is the trademark used by ███████████████████████████████████████████████████████████████████████████████.

15. ███████████ is in the business of developing, marketing, and licensing ███████████ Products; and is the licensor of all ███████████ Products available in stores and on various platforms.

16. ███████████ exclusively manufactures various retail products and merchandise. These products are derived from the successful ███████ brand. A variety of authentic ███████ products are available, such as hoodies, t-shirts, hats, mugs, jewelry, face masks, and other accessories at ███████████ official online store, ███████████████████████

| **AUTHORIZED** ▇▇▇▇▇▇ **PRODUCTS** |
|---|
|  |

17. The ▇▇▇ Trademark has been used exclusively by ▇▇▇ and has never been abandoned. The Trademark Registration is valid, subsisting, and in full force and effect. The registration of the ▇▇▇ Trademark constitutes *prima facie* evidence of its validity and of ▇▇▇ exclusive right to use the ▇▇▇ Trademark pursuant to 15 U.S.C. § 1057(b).

18. ▉ has invested substantial time, money, and effort in building up and developing consumer recognition, awareness, and goodwill in the ▉ Products.

19. The success of the ▉ Products is due in large part to the marketing, promotional, and distribution efforts of ▉ These efforts include advertising and promotion through online retailer websites, and are conducted through internet-based advertising, print, and other efforts both in the United States and internationally.

20. The success of the ▉ Brand is also due to the use of high-quality materials and processes in making the ▉ Products.

21. Additionally, ▉ owes a substantial amount of the success of the ▉ Products to its licensees, consumers, and interest that its consumers have generated.

22. As a result of the efforts of ▉ the quality of its ▉ Products, the promotional efforts for its products and designs, press and media coverage, and widespread marketing, members of the public have become familiar with the ▉ Products and ▉ Trademark, and associate them exclusively with ▉

23. ▉ has made efforts to protect its interests in and to the ▉ Trademark. ▉ and its licensees are the only businesses and/or individuals authorized to manufacture, import, export, advertise, offer for sale, or sell any goods utilizing or featuring the ▉ Trademark, without the express written permission of ▉ Plaintiff has not licensed or authorized Defendants to use the ▉ Trademark.

**THE DEFENDANTS**

24. Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including Illinois, and within this Judicial District, through the operation

of fully interactive commercial websites and online marketplace accounts operating under the Seller Aliases and Defendant Internet Stores identified on Schedule A. Each Defendant targets the United States, including Illinois, and has offered to sell and, on information and belief, has sold and continues to sell Counterfeit ▮▮▮ Products to consumers within the United States, Illinois, and this Judicial District.

## THE DEFENDANTS' UNLAWFUL CONDUCT

25. The success and widespread popularity and recognition of the ▮▮ brand and ▮▮ Products has resulted in significant counterfeiting and intentional copying. Plaintiff has identified numerous domain names linked to fully interactive websites and marketplace listings on platforms such as eBay, Amazon, Wish, Etsy, Ecrater, and AliExpress (collectively referred to as "Online Marketplaces"), including the Defendant Internet Stores, which are offering for sale, selling, and importing Counterfeit ▮▮ Products to consumers in this Judicial District and throughout the United States. Internet websites like the Defendant Internet Stores are estimated to receive tens of millions of visits per year and to generate over $509 billion in annual online sales. According to an intellectual property rights seizures statistics report issued by Homeland Security, the manufacturer's suggested retail price (MSRP) of goods seized by the U.S. government in the fiscal year 2018 was over $1.4 billion. Internet websites like the Defendant Internet Stores are also estimated to contribute to tens of thousands of lost jobs for legitimate businesses and broader economic damages such as lost tax revenue every year.

26. As recently addressed in the Wall Street Journal, Fortune, and the New York Times, and as reflected in the federal lawsuits filed against sellers offering for sale and selling infringing and/or counterfeit products on the above mentioned digital marketplaces, an astronomical number of counterfeit and infringing products are offered for sale and sold on these digital marketplaces at a

rampant rate. *See* Kathy Chu, *Luxury brands get tougher with counterfeiters – and Alibaba*, MARKETWATCH (Aug. 16, 2016), http://www.marketwatch.com/story/luxury-brands-get-tough-with-counterfeiters-2016-08-16-91031611; Gilian Wong, *Alibaba Sued Over Alleged Counterfeits*, WALL STREET JOURNAL (May 17, 2015), http://www.wsj.com/articles/alibaba-sued-over-alleged-counterfeits-1431877734; Scott Cendrowski, *There's no end in sight for Alibaba's counterfeit problem*, FORTUNE (May 18, 2015), http://fortune.com/2015/05/18/theres-no-end-in-sight-for-alibabas-counterfeit-problem/.

27. Upon information and belief, Defendants facilitate sales by designing their Internet stores to appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine ▮▮▮▮ Products through the use of ▮▮▮▮ Intellectual Property. The Defendant Internet Stores look sophisticated and perpetuate an illusion of legitimacy – they accept payment in U.S. dollars via credit cards, Western Union, and PayPal; they often include images and design elements that make it difficult for consumers to distinguish these unauthorized sites from an authorized website; they offer "live 24/7" customer service; and, they use indicia of authenticity and security that consumers have come to associate with authorized retailers, including the McAfee® Security, VeriSign®, Visa®, MasterCard®, and PayPal® logos.

28. Upon information and belief, Defendants also deceive unknowing consumers by using the ▮▮▮▮ Trademark without authorization within the content, text, and/or meta tags of their websites, in order to attract and manipulate search engines into identifying the Defendants Internet Stores as legitimate websites for ▮▮▮▮▮▮▮ Products. Defendants also employ other unauthorized search engine optimization ("SEO") tactics and social media spamming so that the Defendant Internet Stores show up at or near the top of relevant search results, including tactics to propel new domain names to the top of search results after others are shut down. These tactics are

meant to, and are successful in, misdirecting consumers who are searching for genuine ▮▮▮▮▮▮ Products.

29. Upon information and belief, Defendants operate in a collective and organized manner, often monitor trademark infringement litigation alert websites, are in continuous and active concert with one another, are in frequent communication with each other – utilizing online chat platforms and groups, and use these collective efforts in an attempt to avoid liability and intellectual property enforcement efforts. Furthermore, there is a substantial evidentiary overlap in Defendants' behavior, conduct, and individual acts of infringement, thus constituting a collective enterprise.

30. Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their massive network of Defendant Internet Stores. For example, many of Defendants' names and physical addresses used to register the Defendant Internet Stores are incomplete, contain randomly typed letters, or fail to include cities or states. Other Defendants use privacy services that conceal the owners' identity and contact information. Upon information and belief, Defendants regularly create new websites and online marketplace accounts on various platforms using the Seller Aliases listed in Schedule A of the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by Defendants to conceal their identities, the full scope and interworking of their massive infringing operation, and to avoid being shut down.

31. Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores, including, but by no means limited to: (1) virtually identical layouts, even though different aliases were used to register the respective domain names; (2) similarities of the Counterfeit ▮▮▮▮▮▮ Products, and indicia of being related to one another, suggesting that the illegal products were manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated; and, (3) other notable common

features such as use of the same domain name registration patterns, unique shopping cart platforms, accepted payment methods, check-out methods, meta data, illegitimate SEO tactics, HTML user-defined variables, domain redirection, lack of contact information, identically or similarly priced items and volume sales discounts, similar hosting services, similar name servers, and the use of the same text and images.

32. Further, illegal operators, like Defendants, typically operate multiple credit card merchant accounts and third-party payment processor accounts, such as PayPal, Alipay, Stripe, Payoneer, and Klarna, behind layers of payment gateways so they can continue operation in spite of any enforcement efforts. Upon information and belief, and as these payment processor transaction logs in previous similar cases have shown, Defendants maintain off-shore bank accounts and regularly move funds from these accounts to off-shore bank accounts outside the jurisdiction of this Court.

33. Defendants, without any authorization or license, have knowingly and willfully infringed the ▮ Trademark in connection with the advertisement, distribution, offering for sale, and sale of illegal, infringing, and counterfeit products into the United States and Illinois. Each Defendant Internet Store offers to ship to the United States, including Illinois, and, on information and belief, each Defendant has offered to sell, or has already sold, infringing products therein.

34. In committing these acts, Defendants have, among other things, willfully and in bad faith committed the following, all of which have and will continue to cause irreparable harm to the ▮ brand: infringed upon and counterfeited the ▮ Trademark; created, manufactured, sold, and/or offered to sell counterfeit products and/or products which infringe upon the ▮ Intellectual Property; used the ▮ IP in an unauthorized manner in order to sell, advertise, describe, mislead, deceive, and trade upon the ▮ brand; engaged in unfair competition; and unfairly and unjustly profited from such activities at the expenses of ▮

35. Unless enjoined, Defendants will continue to cause irreparable harm to ▮

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

36. Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

37. This is a trademark infringement action against Defendants, based on their unauthorized use in commerce of counterfeit imitations of Plaintiff's Trademark in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods.

38. Without the authorization or consent of ▮ and with knowledge of ▮ well-known ownership rights in its ▮ Trademark, and with knowledge that Defendants' Counterfeit Products bear counterfeit marks, Defendants intentionally reproduced, copied, and/or colorably imitated the ▮ Trademark and/or used spurious designations that are identical with, or substantially indistinguishable from, the ▮ Trademark on or in connection with the manufacturing, import, export, advertising, marketing, promotion, distribution, display, offering for sale, and/or sale of Counterfeit Products.

39. Defendants have manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale, and/or sold their Counterfeit Products to the purchasing public in direct competition with ▮ and the ▮ Products, in or affecting interstate commerce, and/or have acted with reckless disregard of Plaintiff's rights in and to the ▮ Trademark through their participation in such activities.

40. Defendants have applied their reproductions, counterfeits, copies, and colorable imitations of the ▮ Trademark to packaging, point-of-purchase materials, promotions, and/or advertisements intended to be used in commerce upon, or in connection with, the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling of Defendants' Counterfeit Products, which is likely to cause confusion, mistake, and

12

deception among the general purchasing public as to the origin of the Counterfeit Products, and is likely to deceive consumers, the public, and the trade into believing that the Counterfeit Products sold by Defendants originate from, are associated with, or are otherwise authorized by ███ through which Defendants make substantial profits and gains to which they are not entitled in law or equity.

41. Defendants' unauthorized use of the ███ Trademark on or in connection with the Counterfeit Products was done with notice and full knowledge that such use was not authorized or licensed by ███ and with deliberate intent to unfairly benefit from the incalculable goodwill inherent in the ███ Trademark.

42. Defendants' actions constitute willful counterfeiting of the ███ Trademark in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d), and 1117(b)-(c).

43. Defendants' continued intentional use of the ███ Trademark without the consent or authorization of ███ constitutes intentional infringement of ███'s federally registered ███ Trademark in violation of §32 of the Lanham Act, 15 U.S.C. § 1114.

44. As a direct and proximate result of Defendants' illegal actions alleged herein, Defendants have caused substantial monetary loss, irreparable injury, and damage to ███ its business, its reputation, and its valuable rights in and to the ███ Trademark and the goodwill associated therewith, in an amount as yet unknown. ███ has no adequate remedy at law for this injury, and unless immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss, and damage to ███ and its valuable ███ Trademark.

45. Based on Defendants' actions as alleged herein, ███ is entitled to injunctive relief, damages for the irreparable harm that ███ has sustained, and will sustain, as a result of Defendants' unlawful and infringing actions, as well as all gains, profits, and advantages

13

obtained by Defendants as a result thereof, enhanced discretionary damages, treble damages, and/or statutory damages of up to $2,000,000 per-counterfeit mark per-type of goods sold, offered for sale, or distributed, and reasonable attorneys' fees and costs.

### COUNT II
### FALSE DESIGNATION OF ORIGIN, PASSING OFF, & UNFAIR COMPETITION
### (15 U.S.C. § 1125(a)/LANHAM ACT § 43(a))

46. Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

47. Plaintiff, as the owner of all right, title, and interest in and to the ▮▮▮ Trademark has standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, Lanham Act § 43(a) (15 U.S.C. § 1125).

48. Plaintiff's Trademark is inherently distinctive and is registered with the United States Patent and Trademark Office on the Principal Register; ▮▮▮ Trademark has been continuously the used and never abandoned; registration for the ▮▮▮ Trademark is valid, subsisting, and in full force and effect; and is incontestable pursuant to 15 U.S.C. § 1065.

49. Defendants' promotion, marketing, offering for sale, and sale of infringing ▮▮▮ Products has created and continues to create a likelihood of confusion, mistake, and deception among the public as to the affiliation, connection, or association with Plaintiff or as to the origin, sponsorship, or approval of Defendants' infringing products by Plaintiff.

50. By using the ▮▮▮ Trademark in connection with the sale of unauthorized products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the unauthorized products.

51. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the unauthorized products to the general public is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

52. Upon information and belief, Defendants' aforementioned wrongful actions have been knowing, deliberate, willful, and intended to cause confusion, to cause mistake, and to deceive the purchasing public, with the intent to trade on the goodwill and reputation of ▮▮▮▮▮ its ▮▮▮ Products, and ▮▮▮ Trademark.

53. As a direct and proximate result of Defendants' aforementioned actions, Defendants have caused irreparable injury to ▮▮▮▮▮ by depriving Plaintiff of sales of its ▮▮▮ Products and by depriving ▮▮▮▮▮ of the value of its ▮▮▮ Trademark as commercial assets in an amount as yet unknown.

54. Plaintiff has no adequate remedy at law and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its brand.

## COUNT III
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
**(815 ILCS § 510, *et seq*.)**

55. Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

56. Defendants have engaged in acts violating Illinois law, including, but not limited to, passing off their unauthorized products as those of Plaintiff, causing a likelihood of confusion and/or misunderstanding as to the source of Defendants' goods, thus causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine ▮▮▮▮▮ ▮▮▮ Products, through Defendants' representation that Defendants' Counterfeit Products have Plaintiff's approval, when they do not.

57. The foregoing Defendants' acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, *et seq.*.

58. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured monetarily. Plaintiff has no adequate remedy at law, and Defendants' conduct has caused Plaintiff to suffer damage to its reputation and goodwill. Unless enjoined by the Court, Plaintiff will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

59. Further, as a direct result of the Defendants' acts of trademark infringement, Defendants have obtained profits they would not have otherwise realized but for their infringement of Plaintiff's Trademark.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. using the ▮▮▮ Trademark or any reproductions, copies, or colorable imitations thereof, in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not an authorized ▮▮▮ Product, or is not authorized by Plaintiff to be sold in connection with the ▮▮▮ Trademark;

   b. passing off, inducing, or enabling others to sell or pass off any product not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the ▮▮▮ Trademark;

   c. shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory

       not authorized by Plaintiff to be sold or offered for sale, and which bear the ▮▮▮▮ Trademark;

  d. further infringing the ▮▮▮▮ Trademark and damaging Plaintiff's goodwill;

  e. using, linking to, transferring, selling, exercising control over the Defendant Internet Stores, Defendants' product listings, or any other domain name or online marketplace account that is being used to sell products or inventory not authorized by Plaintiff which bear the ▮▮▮▮ Trademark;

  f. operating and/or hosting websites at the Defendant Internet Stores, and any other domain names registered to or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of products or inventory not authorized by Plaintiff which bear the ▮▮▮▮ Trademark;

2) Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any online marketplaces and payment processors, such as eBay, Amazon, Etsy, Wish, Ecrater, iOffer, and Alibaba Group Holding Ltd., Alipay.com Co., Ltd., AliExpress, and any related Alibaba entities, social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing, and Yahoo, web hosts for the Defendant Internet Stores, and domain name registrars, shall:

  a. disable and cease providing services for any accounts through which Defendants engage in the sale of products not authorized by Plaintiff which bear the ▮▮▮▮ Trademark, including any accounts associated with Defendants listed on Schedule A;

  b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of products not authorized by Plaintiff which bear the ▮▮▮▮ Trademark; and,

  c. take all steps necessary to prevent links to the Defendant Internet Stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Internet Stores from any search index.

3) That Defendants account for, and pay to, Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged;

4) For Judgment in favor of Plaintiff against Defendants that they have willfully infringed Plaintiff's rights in its federally registered Trademark, pursuant to 15 U.S.C. § 1114;

5) That Plaintiff be awarded actual damages, statutory damages, and/or other available damages, at the election of Plaintiff; and that the amount of damages for infringement are increased by a sum not to exceed three times the amount thereof as provided by 15 U.S.C. § 1117;

6) For Judgment in favor of Plaintiff against Defendants that they have: a) willfully infringed Plaintiff's rights in its federally registered trademark; and, b) otherwise injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint;

7) That Plaintiff be awarded its reasonable attorneys' fees and costs; and,

8) Any and all other relief that this Court deems just and proper.

DATED: January 7, 2022          Respectfully submitted,

                   */s/ Sofia Quezada*
                   Ann Marie Sullivan
                   Alison Carter
                   Sofia Quezada
                   AM Sullivan Law, LLC
                   1440 W. Taylor St., Suite 515
                   Chicago, Illinois 60607
                   Telephone: 224-258-9378
                   E-mail: sjq@amsullivanlaw.com

                   ***ATTORNEYS FOR PLAINTIFF***